HD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Rcv'd by: _____

|  |  |
|---|---|
| HIPPOCRATIC GROWTH MARYLAND PROCESSING, LLC *et al.*,  )<br>)<br>Plaintiffs/Counter-Defendants,  )<br>)<br>v.  )<br>)<br>MICHAEL PESCE,  )<br>)<br>Defendant/Counter-Plaintiff.  )<br>) | Civil Action No. 22-cv-00090-LKG<br><br>Dated: June 5, 2024 |

### MEMORANDUM OPINION AND ORDER
### ON DEFENDANT'S MOTION FOR RECONSIDERATION

In this breach of contract action, Plaintiffs, Hippocratic Growth Maryland Processing, LLC ("Hippocratic") and TC Maryland, Inc. ("TC Maryland"), allege that Defendant, Michael Pesce, breached a Stock Purchase Agreement that would have allowed Hippocratic to manage a Maryland medical cannabis processor. *See generally*, ECF No. 47. On December 19, 2023, the Court granted Hippocratic's motion to dismiss Mr. Pesce's counterclaims for breach of contract (recission) and declaratory judgment (the "December 19, 2023, Decision"), pursuant to Fed. R. Civ. P. 12(b)(6). ECF Nos. 58 and 59. Mr. Pesce has moved for reconsideration of the Court's December 19, 2023, Decision, or, in the alternative, for leave to amend his counterclaims. ECF Nos. 64 and 64-1.

This motion is fully briefed. ECF Nos. 64-1; 65 and 66. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court: (1) DENIES Mr. Pesce's motion for reconsideration and (2) DENIES Mr. Pesce's motion for leave to further amend his counterclaims.

### Factual Background

In this breach of contract action, Hippocratic alleges that Michael Pesce breached a Stock Purchase Agreement (the "SPA") pursuant to which Hippocratic acquired 90 percent of the shares of TC Maryland and the ability to manage Pro Green Medical, LLC ("Pro Green"), a pre-

approved Maryland medical cannabis processor. ECF No. 47 at ¶¶ 1-2; *see* ECF No. 11-2, Stock Purchase Agreement. A detailed factual background for the case is set forth in the Court's December 19, 2023, Decision. ECF No. 58.

Relevant to the pending motion for reconsideration, Mr. Pesce asserted three counterclaims against Hippocratic and TC Maryland, Inc. in this case for: (1) breach of contract based upon recission of the SPA; (2) a declaratory judgment to recognize his recission of the SPA; and (3) a declaratory judgment regarding the transfer of Pro Green's license. ECF No. 48 at ¶¶ 86-114. On December 19, 2023, the Court issued a memorandum opinion and order dismissing these counterclaims, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 58.

In the December 19, 2023, Decision, the Court determined that Mr. Pesce cannot prevail on his counterclaims for breach of contract and declaratory judgment, because he waived the right to rescind the SPA. *Id.* Specifically, the Court determined that the factual allegations in the counterclaims, taken as true, show that Mr. Pesce waived the right to rescind the SPA, because he continued to accept the benefits of the SPA and he recognized the ongoing validity of that agreement after becoming aware of the grounds for rescission. *Id.* at 13.

The Court also determined that the facts in this case, which Mr. Pesce does not dispute, show that he continued to recognize the validity of the SPA after January 24, 2022, and that he did not immediately return Hippocratic's consideration after having become aware of the grounds for rescinding the SPA. *Id.* at 13-15. Given this, the Court held that Mr. Pesce waived the right to rescind the SPA. *Id.* And so, the Court granted Hippocratic's motion to dismiss Mr. Pesce's counterclaims and dismissed the counterclaims. *Id.* at 16.

In his motion for reconsideration, Mr. Pesce alleges that the Court should revise the December 19, 2023, Decision, because: (1) the allegations in his counterclaims show that he acted consistently with recission and (2) the Court misapplied the legal standards for deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 64-1. In the alternative, Mr. Pesce seeks leave to amend his counterclaims. *Id.*

## Legal Standards

A.  **Fed. R. Civ. P. 54(b)**

Motions for reconsideration of an interlocutory order are governed by Rule 54(b), which provides that "any order. . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). And so, the Court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F.Supp. 2d 612, 618-19 (D. Md. 2013).

The resolution of a motion for reconsideration is "committed to the discretion of the district court," *Am. Canoe*, 326 F.3d at 515, and "the goal is to reach the correct judgment under law." *Netscape Commc'ns Corp. v. ValueClick, Inc.*, 704 F.Supp. 2d 544, 547 (E.D. Va. 2010) (internal citations omitted). Given this, motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. *Am. Canoe*, 326 F.3d at 514. And so, the Fourth Circuit has held that the Court may revise an interlocutory order under the same circumstances in which it would depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

While neither Rule 59(e), nor Rule 60(b) govern reconsideration of an interlocutory order, the Fourth Circuit has also held that the Court may consider the reasons in these rules when deciding whether to grant relief under Rule 54(b). *See Fayetteville Invs. v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991); *see also Lynn*, 953 F.Supp. 2d at 619. Pursuant to Rule 59(e), a motion to alter or amend a final judgment may be granted only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Under Rule 60(b), the Court may grant relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). But

"a motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, mere disagreement with a court's ruling will not support granting such a request.'" *Lynn*, 953 F.Supp. 2d at 620 (quoting *Sanders v. Prince George's Pub. Sch. Sys.*, No. RWT 08-cv-501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011). And so, the Court looks to whether the moving party presented new arguments or evidence, or whether the Court has 'obviously misapprehended a party's position or the facts or applicable law,'" when deciding whether to revise an interlocutory order. *Lynn*, 953 F.Supp. 2d at 619-20.

## Analysis

Mr. Pesce seeks reconsideration of the Court's December 19, 2023, Decision upon the grounds that: (1) the allegations in his counterclaims show that he acted consistently with recission and (2) the Court misapplied the legal standards for deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 64-1. In this regard, Mr. Pesce argues that the factual allegations in his counterclaims do not show that he continued to retain the benefits of the SPA and that he continued to recognize the validity of the SPA. *Id.* at 5-10. Mr. Pesce also argues that the Court: (1) failed to accept the allegations in his counterclaims as true; (2) improperly considered certain facts; (3) misapplied the rule for recission; and (4) improperly dismissed his counterclaims for declaratory judgment. *Id.* at 10-19. And so, he requests that the Court revise the December 19, 2023, Decision and enter a declaration as to the issues in Counts II and III of his counterclaims. *Id.* at 19-20. In the alternative, Mr. Pesce seeks leave to further amend his counterclaims. *Id.* at 20-21.

In its response in opposition to Mr. Pesce's motion, Hippocratic counters that reconsideration of the December 19, 2023, Decision is not warranted, because: (1) the Court is not required to accept as true conclusory allegations in Mr. Pesce's counterclaims, or allegations that contradict matters properly subject to judicial notice or by exhibit; (2) Mr. Pesce has demonstrated his recognition of the validity of the SPA; (3) the record before the Court shows that Mr. Pesce retained the benefit of the SPA; and (4) Mr. Pesce's proposed amendments to his counterclaims would be futile. ECF No. 65-1. And so, Hippocratic requests that the Court deny Mr. Pesce's motion. *Id.*

For the reasons that follow, Mr. Pesce has not shown that reconsideration of the December 19, 2023, Decision is warranted under Rule 54(b). And so, the Court DENIES his

motion for reconsideration.

### A. The Court Appropriately Analyzed Mr. Pesce's Counterclaims

As an initial matter, Mr. Pesce argues without persuasion that the Court should reconsider the December 19, 2023, Decision, because the Court improperly analyzed his counterclaims under Rule 12(b)(6). Mr. Pesce argues in his motion for reconsideration that the Court erred by failing to accept as true his allegation that Hippocratic interfered with his ability to return its consideration and to, thus, rescind the SPA. ECF No. 64-1 at 10-11; *see also* ECF No. 48 at ¶¶ 81 and 97. While Mr. Pesce correctly observes that he alleges in his counterclaims that his "unconditional willingness" to return Hippocratic's consideration "was thwarted by the overt acts of [Hippocratic], aided by Hippocratic Growth and their attorneys," the Court is not required to accept this conclusory allegation as true under Rule 12(b)(6). ECF No. 48 at ¶ 97.

As the Fourth Circuit has made clear, the Court is "not required 'to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is the Court required to "'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Id.*

In this case, the Court recognized in the December 19, 2023, Decision that Mr. Pesce's conclusory allegation that Hippocratic interfered with his ability to return Hippocratic's consideration is contradicted by the other factual allegations in his counterclaims and by the undisputed factual record before the Court. Notably, the Court observed that there are no factual allegations in the counterclaims to explain how Hippocratic's litigation interfered with Mr. Peace's ability to return the subject consideration, as Mr. Pesce alleges. ECF No. 58 at 14. The Court further observed that the pleadings in this case make clear that Mr. Pesce failed to return Hippocratic's consideration, because he lacked the funds to do so. *Id.*; *see also id.* (not disputing that Mr. Pesce failed to immediately re-pay Hippocratic and alleging that the parties disagreed about the timing of his re-payment). And so, the Court concluded that Mr. Pesce failed to allege facts in his counterclaims to show that Hippocratic interfered with his ability to return the subject consideration, consistent with the requirements of Rule 12(b)(6).

Mr. Pesce's argument that the Court misapplied Maryland law regarding the obligation to restore a party to its pre-contract state is also unpersuasive. As the Court observed in the

December 19, 2023, Decision, Maryland law recognizes that there are limited circumstances when an aggrieved party that rescinds a contract is excused from restoring the other party to its pre-contract state, including that the respondent has prevented the return of the consideration. ECF No. 58 at 14; *Funger v. Somerset*, 223 A.2d 168, 174 (Md. 1966). But, as discussed above, the Court concluded in the December 19, 2023, Decision that the factual allegations in the counterclaims here do not plausibly show that Hippocratic prevented Mr. Pesce from returning its consideration. ECF No. 58 at 14. And so, while Mr. Pesce may understandably disagree with the Court's conclusion, he has not shown that reconsideration of the Court's decision is warranted under Rule 54(b).[1]

Mr. Pesce's objections to the December 19, 2023, Decision, upon the grounds that the Court improperly took into account certain undisputed facts about: (1) his use of ProGreen's equipment; (2) his retention of ProGreen's net profits; and (3) his October 20, 2022, letter to Hippocratic, are equally unavailing. As Mr. Pesce correctly observes, the Court considered in the December 19, 2023, Decision certain undisputed facts about his continued use of ProGreen's equipment, retention of ProGreen's net profits and the October 20, 2022, letter, that are not specifically alleged in his counterclaims. ECF No. 64-1 at 11-15. But, the Court may appropriately take judicial notice of such matters of public record when reviewing a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). *Phillips v. Pitt Cnty. Mem. Hosp.* 572 F.3d 176, 180 (4th Cir. 2009). The Court may also consider documents that are integral to Mr. Pesce's counterclaims, when there is no dispute about the document's authenticity. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also* Fed. R. Civ. P. 12(d).

---

[1] Mr. Pesce has also not shown that the Court applied the wrong legal standard in determining whether he sufficiently alleged facts to show that he was excused from restoring Hippocratic's consideration. ECF No. 64-1 at 18. As discussed above, the Court concluded in the December 19, 2023, Decision that the factual allegations in the counterclaims did not plausibly show that Hippocratic prevented the return of the consideration at issue. *Id.* The Court also separately concluded that Mr. Pesce's allegation that Hippocratic tortiously interfered with his ability to rescind the SPA was not plausible, because the counterclaims lack factual allegations to support any of the elements of a tortious interference claim. *Id.* at 15. The Court did not, however, hold that Mr. Pesce is required to allege the elements of a tortious interference claim to show that he was relieved from the obligation to re-pay Hippocratic under Maryland law.

Here, Mr. Pesce's October 20, 2022, letter is expressly referenced in his original counterclaims and Mr. Pesce also does not dispute the contents of this letter. ECF No. 34 at ¶ 78; *see also* ECF No. 64-1. Mr. Pesce's continued use of ProGreen's equipment and retention of ProGreen's net profits, after becoming aware of the grounds for recission, are also undisputed and reasonably inferred from the allegations in his counterclaims. Notably, Mr. Pesce acknowledges in his counterclaims that he continued to operate ProGreen after January 24, 2022. ECF No. 48, Factual Allegations at ¶ 34. Because Mr. Pesce's continued operation of ProGreen would necessarily involve the use of the processor's equipment, the Court reasonably deduced from the allegations set forth in the counterclaims that Mr. Pesce has continued to use the equipment purchased by Hippocratic for ProGreen and that he retained the net profits generated by Pro-Green.[2]

The Court is also satisfied that it was appropriate to dismiss Mr. Pesce's counterclaims seeking a declaratory judgment in this case. These counterclaims are directly related to Mr. Pesce's right to rescind the SPA, an issue which is no longer in dispute in this litigation. ECF No. 48 at ¶¶ 108-10; 113(asserting counterclaims for a declaratory judgment against Hippocratic and TC Maryland seeking to: (1) recognize his recission of the SPA and (2) state that he is the sole shareholder of TC Maryland and that Pro Green's license should be transferred to TC Maryland due to the rescission of the SPA.). In this case, the Court has concluded that Mr. Pesce's counterclaims make clear that he waived the right to rescind the SPA. ECF No. 58 at 15. Given this, it is not possible for Mr. Pesce to state a plausible claim for the declaratory relief that he seeks in this litigation.[3]

---

[2] Mr. Pesce also makes reference in his counterclaims to a management agreement by and between ProGreen and TC Management Corp and Hippocratic argues that this agreement allows Mr. Pesce to retain ProGreen's net profits. ECF No. 48 at ¶ 39; *see also* ECF No. 65-2 at § 2.3.

[3] Mr. Pesce's reliance upon *Pruitt v. Alba Law Group* to receive his declaratory judgment counterclaims is also misplaced. The Court held in *Pruitt* that dismissal of a declaratory relief claim in that case was not properly decided pursuant to Rule 12(b)(6), because there was an ongoing controversy between the parties relevant to the declaratory relief claim. *Pruitt v. Alba L. Grp., P.A.*, No. CIV.A. DKC 15-0458, 2015 WL 5032014, *8 (D. Md. Aug. 24, 2015). But here, there is no ongoing dispute between the parties regarding whether Mr. Pesce rescinded the SPA, because the Court has concluded that he waived the right to rescind that agreement.

### B. Mr. Pesce Seeks To Re-litigate Matters Previously Considered By The Court

Mr. Pesce's remaining objections to the December 19, 2023, Decision are, at bottom, an effort to re-litigate issues and arguments previously considered and rejected by this Court. *See Lynn*, 953 F.Supp. 2d at 620 (quoting *Sanders v. Prince George's Pub. Sch. Sys.*, No. RWT 08-cv-501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011)( "a motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, mere disagreement with a court's ruling will not support granting such a request.'"). Mr. Pesce first seeks to re-litigate the issue of whether the factual allegations in his counterclaims show that he waived the right to rescind the SPA. ECF No. 64-1 at 5-8. But, the Court previously considered and rejected Mr. Pesce's arguments that his counterclaims show that he acted consistent with an intent to rescind the SPA. ECF No. 58 at 12-16. The Court also previously considered and rejected Mr. Pesce's arguments that he did not recognize the validity of the SPA, after becoming aware of the grounds for rescission. ECF No. 58 at 13-14; *see also* ECF No. 41-3. While Mr. Pesce disagrees with the Court's determinations, such disagreement is not a proper ground for reconsideration under Rule 54(b).

### C. Mr. Pesce Has Not Shown That Further Amendment Of His Counterclaims Is Warranted

As a final matter, Mr. Pesce has not shown that leave to further amend his counterclaims is warranted, because he neither explains the nature of the proposed amendments, nor explains why such amendments are not futile. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) 371 U.S. at 182)(While the Court "should freely" grant leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."); *see also Cuffee v. Verizon Commc'ns, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted)(the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss."). Given this, Mr. Pesce has not met his burden to show that further amendment of his counterclaims is warranted under Rule 15. And so, the Court DENIES his motion for leave to further amend the counterclaims WITHOUT PREJUDICE.

## Conclusion

For the forgoing reasons, the Court:

1. **DENIES** Mr. Pesce's motion for reconsideration; and

2. **DENIES** Mr. Pesce's motion for leave to amend his counterclaims **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                                  s/ Lydia Kay Griggsby
                                                  LYDIA KAY GRIGGSBY
                                                  United States District Judge